**UNITED STATES of America, Plaintiff,**

v.

**Mark M. JACKSON, and Robert Martinez, Jr., Defendants.**

**No. 94–40001–01/02–SAC.**

United States District Court,
D. Kansas.

Nov. 9, 1994.

MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the defendant Robert Martinez, Jr.'s motion for discovery of favorable sentencing evidence (Dk. 200). In it, the defendant Martinez asks for the government to disclose favorable sentencing information for computing the base offense level, for determining if there was more than one bribe, for arguing that Martinez had a mitigating role, and for disputing an enhancement for obstruction of justice. The defendant Martinez also asks that the government disclose those portions of Louis Garcia's presentence report concerning what amount of loss was used in calculating Garcia's offense level, whether Garcia received a multiple bribe enhancement, and whether he received any adjustment for obstruction of justice. In response, the government denies possession of any exculpatory evidence beyond what was already provided during pretrial discovery. The government also refutes any need or authority for disclosing Louis Garcia's presentence.

The Supreme Court in *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963), did not confer a constitutional right to discovery on a criminal

defendant, but it did impose a duty on the prosecutor to disclose evidence in its possession that is both exculpatory and material "either to guilt or punishment." Throughout the pretrial discovery process, the government displayed it understood its obligation under *Brady*. The government now represents that no new or additional *Brady* evidence exists as to the punishment phase. The court accepts this representation and reminds the government of its continuing duty under *Brady*.

This is not the first time the defendant Martinez has requested Louis Garcia's presentence report. The reasons given for disclosure now are no better than those earlier rejected by the court. The need for confidentiality of presentence reports, *United States v. Dingle*, 546 F.2d 1378, 1380–81 (10th Cir.1976), remains the hurdle that the defendant must clear. The defendant asks for Garcia's presentence report to verify for himself that the prosecutor and the Probation Office has not treated Garcia more leniently. This reason is not enough to disturb the confidentiality protecting Garcia's presentence report. The defendant has no factual basis to argue disparate treatment in guideline sentence calculations. The government represents that the same calculation of loss is used for Garcia and Martinez. The government also says that the probation officer has revised Garcia's presentence report to be consistent with the defendants' presentence reports. The court has been assured of the same after speaking with the probation officer in charge of the presentence reports for Garcia and the defendants. The revision to Garcia's presentence report was due to the evidence revealed at the defendants' trial. The court sees no persuasive reason for disclosing Garcia's presentence report.

IT IS THEREFORE ORDERED that the defendant Martinez's motion for discovery of favorable sentencing evidence (Dk. 200) is denied.